Erin Darling, SBN 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Paul Hoffman, SBN 71244
Michael Seplow, SBN 150183
Aidan McGlaze, SBN 277270
John Washington, SBN 315991
SCHONBRUN, SEPLOW, HARRIS & ZELDES LLP
9514 Culver Blvd., #115
Culver City, CA 90230
Tel. (310) 396-0731
hoffpaul@aol.com
jwashington@sshhlaw.com

Attorneys for Plaintiffs

Carol A. Sobel, SBN 84483
Katherine L. Robinson, SBN 323470
Weston Rowland, SBN 327599
LAW OFFICES OF CAROL A. SOBEL
1158 26th Street, #552
Santa Monica, CA 90403
Tel. (310) 393-3055
carolsobel@aol.com
klrobinsonlaw@gmail.com
rowland.weston@gmail.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK LIVES MATTER LOS ANGELES, an organization, DAVID BROWN, DAVID CLENNON, and KERRY HOGAN, all individually and on behalf of a class of similarly situated persons<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SANTA MONICA, a municipal entity, CHIEF CYNTHIA RENAUD, and DOES 1 TO 10, inclusive,<br><br>Defendants. | CASE NO. 2:21−cv−05253−CAS−AFM<br>[Assigned to Judge Christina A. Snyder]<br><br>**JOINT RULE 16(b)/26(f) REPORT**<br><br>Complaint Filed:   June 30, 3020<br>Trial Date:        None |

## JOINT RULE 16(b)/26(f) REPORT

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and CACD LR-26-2

Plaintiffs Black Lives Matter Los Angeles, David Brown, David Clennon, and Kerry

Hogan ("Plaintiffs") and Defendants City of Santa Monica and Chief Cynthia Renaud

("Defendants"), hereby submit the following joint report for the Rule 16(b)/26(f) scheduling conference.

The Parties participated in a meeting of counsel prior to the submission of this pleading as required by Local Rule 26-1 and Rule 26(f) of the Federal Rules of Civil Procedure on December 9, 2021.

## A.   STATEMENT OF THE CASE

### 1.   Plaintiff's Statement

On May 31, 2020, and on June 1, 2020, the Santa Monica Police Department ("SMPD") arrested a total of approximately 400 people. Although there was looting and vandalism that occurred in some parts of the City, the allegedly criminal activity was not in the area of the protests. The SMPD, and officers from other law enforcement agencies responding to the City's request for mutual aid, focused on the protestors, rather than individuals engaged in looting and other criminal activity. As a result, few of those arrested were charged with a serious crime unrelated to the demonstrations. Nonetheless, the City of Santa Monica tried to prevent the peaceful protests by instituting curfew orders on short order to take effect at varying times in the afternoon of May 31 and June 1, 2020. SMPD ended the protests through the use of force (batons and "rubber bullets") and imposed unconstitutional conditions of confinement on arrestees by holding them on buses for many hours, tightly handcuffed with zip ties, without access to bathroom facilities, food, or water. By preemptively banning peaceful assemblies, kettling the demonstrators, subjecting them to unlawful force, arresting and detaining them tightly handcuffed on buses for hours, without access to bathrooms, water, or food, Defendants violated Plaintiffs' federal and state constitutional rights.

### 2.   Defendants' Statement

According to the Class Action Complaint, Plaintiffs claim the Santa Monica Police Department ("SMPD") arrested approximately 400 people. Plaintiffs claim that law enforcement performed "kettling" tactics, wherein demonstrators were boxed in by

1  officers in riot gear and less lethal munitions.  Plaintiffs were allegedly later detained
2  and zip-tied by officers.

3  Plaintiffs claim they were split up and transported by bus to various police
4  stations around the City of Los Angeles, City of Santa Monica, and Beverly Hills. One
5  bus is claimed to have carried some Plaintiffs to the Los Angeles National Cemetery
6  where Plaintiffs claim they were harassed and intimidated, resulting in an alleged
7  intentional infliction of emotional distress. Other Plaintiffs claim to have been denied
8  food, water, and access to bathrooms. Allegedly, Officers did not exercise social
9  distancing in consideration of COVID-19.

10  Defendants maintain that Plaintiffs were in violation of the City-wide curfew,
11  non-compliant with officers' commands regarding dispersal and the curfew orders, and
12  were resisting detention/arrest during the protests in Santa Monica. Defendants deny
13  all liability and wrongdoing for any and all of plaintiffs' claims.

14  **B.    SUBJECT MATTER JURISDICTION**

15  The parties agree that this Court has federal question subject matter jurisdiction
16  over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343.

17  **C.    LEGAL ISSUES**

18   Plaintiffs have brought a class action for claims under 42 U.S.C. § 1983 for
19  violations of his First, Fourth and Fourteenth Amendment violations against
20  defendants, as well as a state-law assault, battery, false arrest, and Bane Act claim.

21  Defendants deny all liability and wrongdoing for any and all of plaintiffs' claims.

22  **D.    PARTIES AND EVIDENCE**

23  The named Plaintiffs are Black Lives Matter Los Angeles, David Brown, David
24  Clennon, and Kerry Hogan. The named Defendants are City of Santa Monica, Chief
25  Cynthia Renaud, and Does 1-10.

26  Anticipated witnesses include (without limitation):

27  1)  David Brown

28  2)  David Clennon

1    3)  Kerry Hogan

2    4)  Chief Cynthia Renaud

3    5)  Does 1-10

4    Plaintiff has not yet received documents from defendants and cannot describe

5    what key documents exist.

6    Defendants identify the following categories of documents that may exist

7    relevant to this matter:

8    1.    All reports prepared by peace officers and public safety personnel who

9    may have been involved with the incident alleged in the Complaint.

10    2.    All reports prepared by law enforcement personnel and public safety

11    personnel who may have investigated the incident alleged in the Complaint.

12    3.    All medical records of any plaintiff, decedent or individual involved in the

13    underlying incident.

14    4.    All pleadings filed in this matter.

15    5.    All answers/responses to interrogatories, requests for production of

16    documents, and requests for admissions in this matter, including all amendments

17    and/or supplements thereto, and including any and all documents attached thereto.

18    6.    All transcripts and recordings of depositions and any document marked

19    as an exhibit to a deposition.

20    7.    Reports of all parties' experts and all supporting documentation, data,

21    video presentations, learned treatises, publications, studies, etc.

22    8.    Enlargements of graphs, photographs or other exhibits.

23    9.    All exhibits identified through future discovery including any items

24    produced pursuant to a protective order in this matter.

25    10.    Documents and materials identified in the Rule 26 disclosure statements

26    of the other parties in this case.

27    11.    All audio and video of the incident at issue in the Complaint.

28

**E.    DAMAGES**

     1.    Plaintiff's Position

Plaintiffs will seek general damages, special damages and punitive damages. Though certainly compensable, the range is not readily quantified. Accordingly, particular compensatory (and potentially punitive) damages would be best determined by a jury at the time of trial.

     2.    Defendants' Position

At this early stage in the litigation, Defendants are unable to estimate Plaintiffs' damages. Defendants generally deny of the nature and extent of plaintiffs' claimed damage.

**F.    INSURANCE**

Plaintiffs have no applicable insurance.

Defendant City is self-insured to a certain limit, and then is insured as a part of a risk management association and through other means.

**G.    MOTIONS**

Plaintiffs anticipate filing motions in limine, and potentially a partial summary judgment/adjudication.

Defendants anticipate the following motions may be filed: Discovery motions, potentially seeking monetary, evidence/issue, and/or terminating sanctions; Motion for Judgment on the Pleadings; Motion for summary judgment and/or adjudication of the issues, potentially including on the basis of qualified immunity and/or time-bar arising from the operative statutes of limitation; Motion for bifurcation of trial on punitive damages issues; Motions *in limine*, potentially including *Daubert* motions *in limine*; and Other pretrial and/or post-trial motions as may be appropriate.

**H.    STATUS OF DISCOVERY**

The parties have exchanged Rule 26 initial disclosures and Plaintiff propounded written discovery on December 10, 2021. Defendants intend to start propounding written discovery.

**I.    DISCOVERY PLAN**

1.    Plaintiff's Position

Initial disclosures: December 10, 2021

Plaintiffs agree that they will need to take more than ten depositions.

Plaintiffs are willing stipulate to a protective order to preserve the confidentiality of any internal investigative documents, inmate records, and peace officer personnel files that are disclosed during discovery, however, the protective order should apply to personnel records and other documents that contain personal identifying information, and the protective order should not apply to City-wide orders, Department-wide orders, and general orders made in response to protests in May and June 2020.

2.    Defendants' Position

Defendants agree that they will need to take more than ten depositions.

Defendants anticipate the taking of the depositions of plaintiffs, Rule 30(b)(6) witnesses, and depositions of percipient witnesses.

Defendants also anticipate that they will designate 1-10 experts on liability and damages issues, potentially including non-retained experts, and that depositions of such experts will also be taken. However, this estimate is not meant to limit the parties and each party reserves their right to call additional experts as appropriate in light of the circumstances and the nature of the claims and defenses at issue.

**J.    DISCOVERY CUT-OFF**

The parties propose the following factual discovery cut-off date: August 15, 2022.

**K.    EXPERT DISCOVERY**

The parties propose the following dates for expert witnesses:

1.    Initial Expert Disclosures: January 20, 2023

2.    Rebuttal Expert Disclosures: February 10, 2023

3.    Expert Discovery Cut-off: February 17, 2023

**L.    DISPOSITIVE MOTIONS**

Plaintiffs anticipate filing a Motion for summary judgment or partial summary judgment directed at all issues impacting liability.

Defendants anticipate filing a Motion for Summary Judgment or Partial Summary Judgment, potentially including on the basis of qualified immunity.

**M.    SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

The parties have discussed the possibility of early settlement. The parties agreed to private mediation and will endeavor to pick a mutually agreeable mediator in the future.

**N.    TRIAL ESTIMATE**

The parties estimate a trial of 7-9 days.

**O.    TRIAL COUNSEL**

Trial Counsel for Plaintiff will be Erin Darling, Carol Sobel and Paul Hoffman.

Trial counsel for Defendants shall be Eugene P. Ramirez, lead trial counsel, and Kayleigh A. Andersen, associate trial attorney, of the law firm of Manning & Kass, Ellrod, Ramirez, Trester, LLP.

**P.    INDEPENDENT MASTER**

The parties do not believe that the appointment of an independent master is necessary in this case.

**Q.    TIMETABLE**

The trial worksheet is attached as Exhibit 1.

**R.    MAGISTRATE JUDGE**

The parties will not agree to have the matter tried before a Magistrate.

*//*

**S.     OTHER ISSUES**

Given the ongoing public health crisis occasioned by the COVID-19 pandemic, the parties agree to electronic service with courtesy paper copies to follow in the mail.

Respectfully submitted,

Dated:  December 15, 2021.

                                        LAW OFFICES OF ERIN DARLING

                                        By: _____*/s/ Erin Darling*_____
                                                Erin Darling,
                                                Attorneys for Plaintiffs

Dated:  December 15, 2021.

                                        MANNING & KASS, ELLROD,
                                        RAMIREZ, TRESTER, LLP

                                        By: _____*/s/ Kayleigh Andersen*_____
                                                Kayleigh Andersen,
                                                Attorneys for Defendants