Erin Darling, SBN 259724
LAW OFFICE OF ERIN DARLING
3435 Wilshire Blvd., Ste. 2910
Los Angeles, CA 90010
t. 323 736-2230
e. erin@erindarlinglaw.com

Carol A. Sobel, SBN 84483
Weston Rowland SBN 327599
LAW OFFICE OF CAROL A. SOBEL
2632 Wilshire Blvd., #552
Santa Monica, CA  90403
t. 310 393 -3055
e. carolsobellaw@gmail.com
e. rowland.weston@gmail.com

Paul Hoffman, SBN 71244
John Washington, SBN 315991
SCHONBRUN, SEPLOW, HARRIS,
HOFFMAN & ZELDES LLP
9415 Culver Blvd, #115
Culver City, California 90230
t. 310 396-0731; f. 310 399-7040
e. hoffpaul@aol.com
e. jwashington@sshhlaw.com

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA -WESTERN DIV.

BLACK LIVES MATTER LOS ANGELES, et al.,

    Plaintiffs,

v.

City of Santa Monica, et al.,

    Defendants.

Case No.: 2-21-cv-05253 CAS-AFMx

Motion For Attorney Fees and Costs (Class Action Settlement)

Date: October 21, 2024
Time: 10:00 a.m.
Ctrm: ZOOM: Hon. Christina A. Snyder

1

PLEASE TAKE NOTICE that, on October 21, 2024 at 10:00 a.m., or as soon thereafter as this matter may be heard by ZOOM before the Honorable Christine A. Snyder, Courtroom 5D of the United States District Court for the Central District of California, 350 West First Street, Los Angeles, California 90012, Plaintiffs will, and hereby do, move the Court to approve an award of attorney fees and costs concurrently with the Motion for Final Approval of the class action settlement in this matter.

This motion is based on the accompanying Memorandum of Law, the Declaration of Carol A. Sobel as the court-appointed Class Administrator, the Declarations of all class counsel regarding the attorney fees lodestar crosscheck, the proposed Final Approval order and all exhibits filed in support of the motion, as well as additional materials filed prior to the October 21 hearing and such other matters, if any, as may be presented at the hearing.

DATED: September 16, 2024        Respectfully submitted,

LAW OFFICE OF ERIN DARLING

LAW OFFICE OF CAROL A. SOBEL
SCHONBRUN, SEPLOW, HARRIS,
HOFFMAN & ZELDES

By: /s/ Carol A. Sobel
Carol A. Sobel
Attorneys for Plaintiffs

1

## MEMORANDUM OF POINTS & AUTHORITIES

**I. INTRODUCTION**

Plaintiffs move the Court for an order awarding fees and costs as counsel for the class in this action. The Court previously preliminarily approved the settlement. A copy of the Settlement Agreement was filed with the Court. [Doc. 53-1.]

The basic terms of the settlement are as follows:

a. A class fund of $2,300,000 to be distributed as follows:

    i.      incentive awards to each of the two class representatives, totaling $30,000.00.

    ii.      attorney fees and costs capped at $690,000.00 as provided for in the Settlement Agreement [Doc. 53-1 at (¶39)].

    iii.      $7,000 to each qualified class member subject to the number of qualified claims (drawn on the net class settlement fund of

    iv.      costs of administration of the class to be paid to the Law Office of Carol A. Sobel from the class settlement fund, not to exceed $23,000.

b. Dismissal of all claims and the action.

The net amount available in the class settlement fund after fees, costs and incentive awards is $1,563,500, depending upon final class administration costs.

**II.     PLAINTIFFS' FEES ARE REASONABLE AS CLASS FEES**

Plaintiffs informed the Court in the Motion for Preliminary Approval that, pursuant to the Settlement Agreement, they intended to seek 30-percent of the class settlement fund for fees and that they anticipated that their fees would exceed the cap of $690,000.  Because the 30-percent includes reimbursed costs of litigation, the total fees under the cap, in actuality, constitute an award of approximately 27-

1

percent of the class settlement fund, just slightly above the presumptively reasonable percentage approved by the Ninth Circuit, as discussed below.[i]

### A. The Fees Sought By This Motion are Reasonable and Permissible

There are a number of factors the Court may consider in deciding a fee award to counsel. These include:

(1) the result obtained for the class;

(2) the effort expended by counsel;

(3) counsel's experience;

(4) counsel's skill;

(5) the complexity of the issues;

(6) the risks of non-payment assumed by counsel;

(7) the reaction of the class; and

(8) comparison with counsel's lodestar.

*See, e.g., In re Heritage Bond Litigation,* Case No. 02-ML-1475-DT, 2005 U.S. Dist. LEXIS 13555, 2005 WL 1594403, at *19 (C.D. Cal. June 10, 2005)*; In re Quintus Sec. Litig.,* 148 F.Supp.2d 967, 973-74 (N.D.Cal.2001). Most of these issues are discussed in Plaintiffs' concurrently filed Motion for Final Approval, so this motion will concentrate on the reasonableness of the fees based on the amount of the fees.

Under Ninth Circuit precedent, the Court may use either the lodestar method or the "percentage-of-recovery" method to determine an award of attorney fees for class counsel. *Lowery v. Rhapsody Int'l, Inc.,* 75 F.4th 985, 990 (9th Cir. 2023)

(citing *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019) (en banc)).  The fees to Plaintiffs' counsel are reasonable under either approach.[1]

### 1. The fees are reasonable under the "percentage-of-recovery"

The percentage-of-recovery method gives attorneys a percentage of the total settlement.  The Ninth Circuit has set this at 25 percent of the total class recovery but this number may be increased or decreased by the Court. *Id.* In assessing the reasonable of the fees to class counsel, ordinarily "'the district court … [must] consider[ ] the amount of anticipated monetary relief based on the timely submitted claims,' rather than the maximum amount that the defendant would have paid if all class members had submitted claims."  (edits supplied). *Lowery, supra*, at 992-993.

*Lowery* sets forth the approved standard between the settlement fund to claimants and the fees that may be awarded to counsel here. "[T]he amount of the defendant's liability [was] 'contingent upon the presentation of individual claims.'"[23] At this stage of final approval, the number of qualified claims submitted, the "sum certain" that benefits the class, nearly exhausts the available settlement fund after payment of incentive awards and costs. Thus, *Lowery* applies. *Id.* at 479 n.5.[4]

---

[1] Under the terms of the settlement, the class settlement fund to be distributed to the class members is more than three times the total fees and costs.

[2] *Lowery, supra,* at 993, quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 479 n.5 (1980),

[3]

[4] Where the requested fee is not based on the lodestar but rather on a portion of the settlement amount agreed to by the parties, "a less exhaustive cataloging and review of counsel's hours" is involved than where the fee is based on a lodestar. See, e.g., *Victoria Secret Stores, LLC*, 2008 WL8150856, at *9 (C.D. Cal. July 21,

## 2. The fees are reasonable under the "lodestar" analysis

The lodestar method requires the court to multiply the number of hours reasonably spent on the case by a reasonable hourly rate consistent with rates in the relevant legal market. Though the lodestar calculation is presumptively reasonable, the court may apply a positive or negative multiplier, depending on various factors.

Time records for each biller are submitted as exhibits to the Sobel, Hoffman and Darling declarations.  The Sobel declaration supports the requested rates.

| Name | Role | Admitted | Hours | Rate | Lodestar |
|---|---|---|---|---|---|
| Paul L. Hoffman | Attorney | 1976 | 18.8 | $1,425.00 | $  26,790.00 |
| Carol A. Sobel | Attorney | 1978 | 239.8 | $1,325.00 | $ 317,735.00 |
| Erin Darling | Attorney | 2008 | 161.2 | $  975.00 | $ 157,170.00 |
| John Washington | Attorney | 2017 | 19.5 | $  770.00 | $  15,105.00 |
| Katherine Robinson | Attorney | 2018 | 41.1 | $  695.00 | $  28,564.50 |
| Weston Rowland | Attorney | 2019 | 187.3 | $  675.00 | $ 126,427.50 |
| UCI Civil Rights | Students | 2L/3L | 137.2 | $  225.00 | $  30,870.00 |
| TOTAL LODESTAR | | | 805.1 | | $ 702,662.00 |

## a. The total hours incurred are reasonable

Over the course of approximately three and one-half years, Plaintiffs incurred slightly more than 800 hours in this matter. This number does not include time spent on the direct force class, which was dismissed prior to settlement. The hours incurred by Katherine Robinson were reduced by nearly one-third to

---

2008) and cases cited therein. No matter which test the Court applies, the requested fees are reasonable and exceed the amount under the settlement agreement.

4

eliminate all time on the direct force claims, including time with the class representative developing facts and propounding and responding to discovery.

Fees are sought by this motion for the merits litigation, only, and exclude all hours by attorneys for class administration from the lodestar.  To date, Mr. Rowland has approximately 60 hours supervising the class administration, assessing whether claims are qualified and responding to queries by class members, and Ms. Sobel has incurred an additional 8.6 hours which are not billed.

In sum, the hours are reasonable and "[e]very hour reasonably spent on the case is compensable, and deference should be given to counsel's assessment of the resources necessary to prevail. *See, e.g., Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker").

**b.  The rates sought for each counsel are reasonable**

The fundamental rule is that the "requested rates [should be] in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987) (citing *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984). To that end, Plaintiffs concurrently submit the Declaration of Carol A. Sobel, supporting the requested rates.  In addition, the three class counsel have submitted declarations attesting to their skill, experience and reputation.

In calculating the lodestar, Plaintiffs used current 2024 rates to adjust for delay in payment. *See, e.g., Missouri v. Jenkins,* 491 U.S. 274, 282 (1989) ("an appropriate adjustment for delay in payment - whether by the application of current rather than historic hourly rates or otherwise—is within the contemplation of the

statute [42 U.S.C. §1988]"); *Barjon v. Dalton*, 132 F.3d 496, 502–03 (9th Cir. 1997) ("the district court may choose to apply either the attorney's current rates to all hours billed or the attorney's historic rates plus interest"). Generally, for a "fee award to be reasonable, it must be based on current, rather than historic, hourly rates." *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1119 (C.D. Cal. 2012) (lodestar award in settled class action, citing *Missouri v. Jenkins*).

The Declaration of Carol Sobel provides 13 fee awards and supporting declarations in the Los Angeles legal market for attorneys of comparable skill and experience in a broad variety of cases, including complex business litigation, employment, anti-SLAPP and police misconduct cases. The evidence submitted by counsel provides a consistent range of market rates, often higher or generally equal to the rates sought for attorneys with far less experience than Plaintiffs' lead counsel.

**The costs are reasonable and modest**

The primary cost incurred by Plaintiffs was for depositions. Copies of those charges are submitted as Exhibit 4 to the Declaration of Paul Hoffman, whose office contracted with the court reporter. Plaintiffs also incurred a filing fee to initiate the action, as well as charges to serve the summons and complaint and serve Court required courtesy copies of all filings. Plaintiffs will submit final cost to the Court at least one week prior to the October 21, 2024 hearing. The total expense for the merits litigation for which Plaintiffs seek compensation in this motion is $15,954.00.

The types of costs requested here are normal costs awardable under fee shifting statutes, and are routinely allowed, including travel costs, investigators, consultants, filing fees, photocopies, printing, scans, messenger services,

6

telephone, mailing, computerized legal research, and similar costs normally reimbursed by a client. *See, e.g., In re Immune Responses Sec. Litig.*, 497 F. Supp. 2d 1166, 1177–78 (S.D. Cal. 2007); *Ambriz v. Arrow Fin. Servs., LLC*, No. CV07-5423-JFW(SSX), 2008 WL 2095617 (C.D. Cal. May 15, 2008).

**Costs of Class Administration**

The Law Office of Carol A. Sobel was efficient and economical.  Both Ms. Rowland and Ms. Sobel have considerable time supervising the client outreach, which was done by two externs.  No time has been billed for this oversight by the attorneys.  Costs of staff, mailing, printing, web searches, skip/trace services and web domain to date total $16,380. A modest amount of additional costs are anticipated to review additional claims for qualification and issue checks and 1099s to class members.  Under the terms of the settlement, the costs of administration are submitted to Defendants for review and payment.

**CONCLUSION**

For the foregoing reasons, Plaintiffs ask that the Court award total fees and costs of $690,000, as provided in the Settlement Agreement exclusive of the class administration fees to be taken from the Class Fund.

DATED: September 16, 2024          Respectfully submitted,

                                   LAW OFFICE OF CAROL A. SOBEL
                                   LAW OFFICE OF ERIN DARLING
                                   SCHONBRUN, SEPLOW, HARRIS,
                                        HOFFMAN & ZELDES
                                   BY:    /s/  CAROL A. SOBEL   .
                                        Attorneys for Plaintiffs

7